GREGORY G. KATSAS
Assistant Attorney General
ELIZABETH J. SHAPIRO
ISAAC R. CAMPBELL
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Room 6130
Washington, D.C. 20530
Tel: (202) 616-8476
Fax: (202) 616-8460
isaac.campbell@usdoj.gov

Attorneys for Defendant U.S. Immigration and Customs Enforcement, Department of Homeland Security

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA and LAWYERS COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA, <br>    Plaintiff, <br><br>      v. <br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, DEPARTMENT OF HOMELAND SECURITY, <br><br>    Defendant. | CV 08-2744 (BZ) <br><br><br>**ANSWER** |

Defendant U.S. Immigration and Custom Enforcement ("ICE"), United States Department of Homeland Security ("DHS"), through undersigned counsel, respectfully submits the following answer to Plaintiffs' complaint:

1.     This paragraph contains Plaintiffs' characterization of the nature of its action against Defendant, to which no answer is required. To the extent an answer is deemed required, Defendant admits that at the time of the Plaintiffs' filing it had not yet responded to Plaintiffs' request under the Freedom of Information Act (FOIA). However, Defendant avers that it has produced a final response to Plaintiffs' FOIA request on May 27, 2008.

2.      Defendant is without knowledge or information sufficient to form a belief as to truth of plaintiffs' allegations regarding the reasons why plaintiff filed its FOIA request. With respect to plaintiffs' description of records it requested pursuant to the FOIA, defendant respectfully refers the court to plaintiffs' FOIA request (Plaintiffs' Exhibit A), which speaks for itself.

3.      This paragraph contains plaintiffs' characterization of media accounts and official government statements to which no answer is required but, insofar as an answer may be deemed required, the allegations are denied and the Court is respectfully referred to the referred media accounts and official government statements for a complete and accurate statement of its contents.

4.      This paragraph contains plaintiffs' characterization of media accounts and reports of immigrant advocacy organizations to which no answer is required but, insofar as an answer may be deemed required, the allegations are denied and the Court is respectfully referred to the referred media accounts and reports of immigrant advocacy organizations for a complete and accurate statement of its contents.

5.      This paragraph contains plaintiffs' characterizations of the purpose of the FOIA and documents it hoped to obtain through the FOIA, to which no answer is required.  To the extent an answer is required, defendant denies plaintiffs' characterization of defendant's actions as "ICE Raids," further denies plaintiffs' allegation that documents responsive to plaintiffs' FOIA request would contain information relating to "secret government practices" and is without knowledge or information sufficient to form a belief as to truth of plaintiffs' allegations that the requested documents would "promot[e] open government" or "is of widespread concern."

6.      This paragraph contains plaintiffs' characterizations, to which no response is required. To the extent an answer is required, defendant denies the allegations in Paragraph 6.

7.      This paragraph contains plaintiffs' characterization of government's activities, to which no response is required.  Moreover, the allegations in this paragraph are materially irrelevant to plaintiffs' request for information under the FOIA.  To the extent an answer is required, defendant denies the allegations in Paragraph 7.

8.      Defendant admits the allegation contained in the first sentence of this paragraph. Defendant admits the allegations contained in the second sentence, except that defendant is without

knowledge or information sufficient to form a belief as to truth of plaintiffs' allegations regarding the reasons that plaintiffs did not appeal the denial of the request for expedited processing. Defendant avers that it produced a final response to plaintiffs' FOIA request on May 27, 2008, and thus denies the allegations contained in the third sentence. Defendant denies the allegations contained in the final sentence, except to admit that plaintiffs have exhausted their administrative remedies.

**JURISDICTION**

9.      This paragraph contains plaintiffs' statement of law to which no answer is required.

**VENUE**

10.      This paragraph contains plaintiffs' statement of law, to which no answer is required.

**INTRADISTRICT ASSIGNMENT**

11.      This paragraph contains plaintiffs' statement of law, to which no answer is required.

**PARTIES**

12.      Defendant is without knowledge or information sufficient to form a belief as to truth of plaintiffs' allegations contained in Paragraph 12.

13.      Defendant is without knowledge or information sufficient to form a belief as to truth of plaintiffs' allegations contained in Paragraph 13.

14.      Defendant is without knowledge or information sufficient to form a belief as to truth of plaintiffs' allegations contained in Paragraph 14.

15.      This paragraph contains plaintiffs' characterization of DHS and of ICE, to which no answer is required. To the extent a response is required, defendant admits the allegations in Paragraph 15, except to deny plaintiffs' allegations of ICE actions as "ICE Raids."

**FACTUAL BACKGROUND**

16.      This paragraph contains plaintiffs' characterization of, news reports and ICE press releases, to which no response is required. To the extent an answer is required, defendant is without knowledge or information sufficient to form a belief as to truth of plaintiffs' allegations regarding media reports and denies plaintiffs' allegations of ICE actions as "ICE Raids."

17.      This paragraph contains Plaintiffs' characterization of media reports, to which no response is required. To the extent an answer is required, defendant is without knowledge or

information sufficient to form a belief as to truth of plaintiffs' allegations regarding media reports and denies plaintiffs' allegations of ICE actions as "ICE Raids."

18.    Defendant is without knowledge or information sufficient to form a belief as to truth of plaintiffs' allegations regarding local and municipal resolutions and denies plaintiffs' allegations of ICE actions as "ICE Raids."

19.    Defendant is without knowledge or information sufficient to form a belief as to truth of plaintiffs' allegations regarding purported complaints and denies plaintiffs' allegations of ICE actions as "ICE Raids." Defendant further denies that it has acted unlawfully or in an unconstitutional manner. The phrase "intimidating actions and tactics" is not susceptible of a reasoned construction and the clause containing that phrase is therefore denied.

20.    Defendant is without knowledge or information sufficient to form a belief as to truth of plaintiffs' allegations regarding media reports and denies plaintiffs' allegations of ICE actions as "ICE Raids." Defendant further denies that it acted unlawfully, improperly threatened residents, misused administrative warrants or engaged in interrogations, searches, or arrests in violation of the Fourth Amendment.

21.    Defendant is without knowledge or information sufficient to form a belief as to truth of plaintiffs' allegations regarding media reports and denies plaintiffs' allegations of ICE actions as "ICE Raids." Defendant further denies that ICE personnel improperly identified themselves.

22.    Defendant is without knowledge or information sufficient to form a belief as to truth of plaintiffs' allegations regarding media reports and denies that it acted unlawfully. Defendant further denies plaintiffs' allegations of ICE actions as "ICE Raids."

23.    Defendant is without knowledge or information sufficient to form a belief as to truth of plaintiffs' allegations regarding media reports and denies that it acted unlawfully. Defendant further denies plaintiffs' allegations of ICE actions as "ICE Raids."

24.    Defendant is without knowledge or information sufficient to form a belief as to truth of plaintiffs' allegations regarding media reports and denies that it acted unlawfully. Defendant further denies plaintiffs' allegations of ICE actions as "ICE Raids."

25.     Defendant is without knowledge or information sufficient to form a belief as to truth of plaintiffs' allegations regarding media reports and denies that it acted unlawfully.  Defendant further denies plaintiffs' allegations of ICE actions as "ICE Raids."

**PLAINTIFFS' FOIA REQUEST**

26.     Defendant admits the allegations contained in Paragraph 26, however it denies the characterization of ICE actions as "ICE Raids."

27.     This paragraph contains a characterization of the FOIA request it submitted to Defendant on March 6, 2007 (Plaintiffs' Exhibit A), to which no response is required but, insofar as an answer may be deemed required, the allegations are denied and the Court is respectfully referred to the cited document for a complete and accurate statement of its contents.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

28.     Defendants admits the allegations contained in this paragraph, except to deny the suggestion that defendant was required to "furnish [] affidavits or other evidence describing the parameters of its search" when it issued its response to plaintiffs' FOIA request.

29.     Defendant admits that it has not acted on plaintiffs' appeal, but avers that defendant fully responded to plaintiffs' initial FOIA request on May 27, 2008, and defendant has not acted on the appeal in light of this litigation.

30.     Defendant admits the allegations contained in this paragraph.

31.     Defendant avers that it produced a final response to plaintiffs' FOIA request on May 27, 2008, and thus denies the allegations contained in the first sentence of this paragraph.  Defendant admits the allegations contained in the second sentence.

32.     Defendant admits the allegations contained in Paragraph 32, however avers that Defendant produced a final response to plaintiffs' FOIA request on May 27, 2008.

33.     The first sentence of this paragraph contains a characterization of the 5 U.S.C. § 552(a)(6)(A)(ii), to which no response is required but, insofar as an answer may be deemed required, the allegations are denied and the Court is respectfully referred to the cited statute for a complete and accurate statement of its contents.  Defendant admits the allegations of the second sentence in this paragraph.  Defendant admits that it has not acted on plaintiffs' appeal, but avers that

defendant fully responded on May 27, 2008, and defendant has not acted on the appeal in light of this litigation.

**CLAIM FOR RELIEF**

34.    Defendant hereby incorporates by reference each of the answers in Paragraphs 1-33, above.

35.    This paragraph contains plaintiffs' legal conclusions, and not averments of facts, to which no answer is required.  To the extent a response is required, defendant denies the allegations contained in Paragraph 35.

36.    This paragraph contains plaintiffs' legal conclusions, and not averments of facts, to which no answer is required.  To the extent a response is required, defendant denies the allegations contained in Paragraph 36.

37.    This paragraph contains plaintiffs' legal conclusions, and not averments of facts, to which no answer is required.  To the extent a response is required, defendant denies the allegations contained in Paragraph 37.

Defendant specifically denies all allegations in plaintiffs' complaint not otherwise responded to herein.  In addition, defendant denies that plaintiffs are entitled to the relief requested in the prayer for relief, or to any relief whatsoever.

WHEREFORE, having fully answered, defendant prays that:

1.    The Complaint be dismissed with prejudice;

2.    plaintiffs take nothing by this action;

3.    no injunctive relief be awarded to plaintiffs;

4.    the court enter judgment in favor of defendant; and

5.    the Court grant such other and further relief as it deems just and proper.

Dated:  July 2, 2008

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

1

_____/s/_____
2      ELIZABETH J. SHAPIRO
       ISAAC R. CAMPBELL
3      United States Department of Justice
       Civil Division, Federal Programs Branch
4      20 Massachusetts Avenue, NW, Rm.
              6130
5      Washington, DC  20530
       Tel: (202) 616-8476
6      Fax: (202) 616-8460

7

8      Attorneys for Defendant

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Answer to Complaint 08-2744 (BZ)