TONY WEST
Assistant Attorney General
JOHN R. TYLER
ISAAC R. CAMPBELL
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Room 6130
Washington, D.C. 20530
Tel: (202) 616-8476
Fax: (202) 616-8460
isaac.campbell@usdoj.gov

Attorneys for Defendant Department of Homeland Security

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA and LAWYERS COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA,<br><br>    Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF HOMELAND SECURITY,<br><br>    Defendant. | PJH 08-2744<br><br>**SETTLEMENT AGREEMENT AND [PROPOSED] ORDER** OF DISMISSAL |

In consideration of the terms set forth in this Settlement Agreement and the covenants and conditions contained herein (the "Agreement"), Plaintiffs American Civil Liberties Union of Northern California and Lawyers' Committee for Civil Rights of the San Francisco Bay Area (collectively, "Plaintiffs") and Defendant U.S. Immigration and Customs Enforcement (the "Defendant"), by and through their undersigned counsel, hereby agree as follows:

Settlement Agreement and Proposed Order. 08-2744 (PJH)

1

WHEREAS, in response to Plaintiffs' March 26, 2007 Freedom of Information Act ("FOIA") request and subsequent Complaint in this action, Defendant has made three sets of document production to Plaintiffs:

a.      On June 5, 2008, Defendant stated by letter that its search for records in response to Plaintiffs' FOIA request identified over 1,052 pages of responsive documents.  Of those identified documents, Defendant initially produced 12 pages to Plaintiffs.

b.      After further negotiation, Defendant produced a supplemental set of documents on December 15, 2008, totaling 706 pages of documents primarily consisting of training manuals.

c.      On February 13, 2009, Defendant produced an additional 958 documents in response to Plaintiffs' request that individual arrest records generated in connection with Defendant's enforcement actions be identified and produced.

WHEREAS, after good-faith negotiations, Plaintiffs and Defendant (collectively, the "Parties") have agreed to resolve this matter upon the terms, and subject to the conditions, set forth in this Agreement.

IT IS HEREBY AGREED AS FOLLOWS:

1.      The Parties agree that Plaintiffs shall dismiss the above-entitled action with prejudice upon the Court's execution of the proposed order in exchange for Defendant's agreement to comply with the conditions set forth in subsections (a)-(d) as follows:

a.      Defendant shall produce to Plaintiffs, within 90 days of the Court's execution of the proposed Order attached to this Agreement, all responsive documents that are within Defendant's possession, custody, or control, corresponding to the following four (4) categories of records:

i.      Any and all operational and policy documents dated from May 1, 2006, to March 13, 2007 (the "Relevant Period") specifically relating to "Operation Return to Sender" in the counties designated in Plaintiffs' original FOIA request – namely, Alameda, Contra Costa, Marin,

Napa, San Mateo, Santa Cruz, San Benito, San Francisco, Santa Clara, Solano, Sonoma, Fresno, and Tulare Counties (collectively, the "Relevant Counties") – including, but not limited to, the following records:

    (1)    Operational Orders/Plans for any relevant field offices

    (2)    Pre-operational SPEARs (Significant Prospective Enforcement Activity Report)

    (3)    Post SIRs (Significant Incident Report)

    (4)    Post Operational A/S Notes

    (5)    "Daily Reports"

ii.    Any and all records specifically relating to children involved in or affected by "Operation Return to Sender," in the Relevant Counties during the Relevant Period, including, but not limited to, the following records:

    (1)    Parents' statements in their own handwriting advising the Detention and Removal Office of who will be responsible for their children if they decide to leave them behind or have another adult take charge of the children for any reason.

    (2)    Any and all documents related to the detention of United States citizen children and/or lawful permanent resident children.

iii.    Any and all documents relating to Notices of Rights provided to the individuals arrested in connection with "Operation Return to Sender" in the Relevant Counties during the Relevant Period, including, but not limited to, the following specific agency forms:

    (1)    I-826 (Notice of Rights and Request for Disposition)

    (2)    All records relating to rights read (in both English and Spanish) to aliens accepting stipulated removal in connection with "Operation Return to Sender."

          iv.      Any and all documents relating to voluntary departure forms or stipulated removal forms provided to individuals arrested in connection with "Operation Return to Sender" in the Relevant Counties during the Relevant Period, including, but not limited to, the following specific agency forms:

                (1)     I-210 (Voluntary Departure Form)

                (2)     Stipulated Removal Orders

     b.      With respect to all documents produced by Defendant pursuant to Sections 1(a)(i)-(iv), above, Defendant shall provide a reference number (for example, a Bates number) sufficient to enable Plaintiffs to identify the corresponding I-213 records previously produced by the Defendant in this action or produced pursuant to this Agreement.  By way of example, if an individual whose I-213 arrest record was previously produced by Defendant in this action was also provided with an I-826 (*see* Section 1(a)(iii), above) and an I-210 (*see* Section 1(a)(iv), above), Defendant shall provide a reference number sufficient to indicate that these records are associated with the same individual.

     c.      Defendant shall produce all I-213 arrest records that are within Defendant's possession, custody, or control, pertaining to or arising from immigration enforcement actions conducted in Santa Clara County and San Mateo County during the Relevant Period.  All documents produced pursuant to this subsection shall be cross-referenced, as appropriate, as described in Section 1(b), above.

     d.      In addition to the obligations set forth in Paragraph 1(a)-(d), above, Defendant agrees to pay Plaintiffs reasonable attorney fees in the amount of thirty thousand dollars ($30,000.00).  Payment shall be made as soon as practicable by a check payable to the ACLU Foundation of Northern California at the address set forth below;

                          ACLU Foundation of Northern California
                                  39 Drumm Street

San Francisco, California  94111

This payment shall constitute the full and final satisfaction of any and all of Plaintiffs' claims for attorney's fees, costs, and litigation expenses in the above-captioned matter, and is inclusive of any interest.  Plaintiffs are responsible for sharing this payment of fees and costs according to their own agreement.

2. For purposes of this Agreement, the parties agree that, in exchange for Defendant's agreement that: (1)  Defendant does not assert any FOIA exemptions other than those claimed by Defendant in its December 15, 2008 and February 13, 2009 document productions in this case (*i.e.*, Exemptions (b)(2)High, (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E)), (2) the production of the aforementioned documents is composed of at least 500 pages of documents, and (3) Defendant's search for the documents referenced in Paragraph 1(a)-(c), above, was conducted in a manner reasonably calculated to uncover all relevant and responsive documents, Plaintiffs will not seek disclosure of any documents not described in Paragraph 1(a)-(c) above, and will not challenge Defendant's assertion of exemptions or the adequacy of Defendant's searches for responsive records as described in this Paragraph.

3. The Parties agree that in exchange for Defendant's agreement to comply with the conditions set forth in subsections 1(a)-(d), upon the execution of this Agreement, Plaintiffs hereby release and forever discharge Defendant, and his successors, the United States of America, and any department, agency, or establishment, from any and all claims and causes of action that Plaintiffs assert or could have asserted in this litigation, or which hereinafter could be asserted by reason of, with respect to, or in connection with, or which arises out of, any of the matters alleged in the Complaint in this action.

4. The Parties acknowledge that this Agreement is entered solely for the purpose of settling and compromising any remaining claims in this action without further litigation, and it shall not be construed as an admission by any party of the truth of any allegation or the validity of any claim asserted in this action.  This Agreement shall not be used in any manner to establish liability for fees, amounts, or hourly rates in any other case or proceeding.

5. The Parties agree that this Court shall retain jurisdiction over this matter solely for the purposes of resolving any dispute arising out of, relating to, or alleging a breach of this Agreement.

Dated: April 27, 2010

\_\_/s/_____      \_\_\_\_\_/s/_____
JOHN R. TYLER                                KATHLEEN D. PATTERSON (CA SBN 124768)
ISAAC R. CAMPBELL                       RUTH KWON (CA SBN 232569)
                                                         MICHELLE LEUNG (CA SBN 252937)

United States Department of Justice      ORRICK, HERRINGTON & SUTCLIFFE LLP
Civil Division, Federal Programs Branch  The Orrick Building
20 Massachusetts Avenue, NW, Rm 6130     405 Howard Street
Washington, DC 20530                     San Francisco, CA 94105-2669
Tel: (202) 616-8476                      Tel: (415) 773-5700
Fax: (202) 616-8460                      Fax: (415) 773-5759

Attorneys for Defendant                  Attorneys for Plaintiffs

**ORDER**

The Parties are hereby ordered to comply with the foregoing terms of the Parties' Settlement Agreement.

In light of the foregoing Agreement, the summary judgment briefing and hearing schedule in this action is hereby vacated.

The instant action is dismissed with prejudice.

This Court shall retain jurisdiction over this matter for the purposes of resolving any dispute arising out of, relating to, or alleging a breach of the Parties' Agreement.

DATED: \_April 29_____, 2010    _____
                                                                       Honorable Phyllis J. Hamilton

*IT IS SO ORDERED — Judge Phyllis J. Hamilton*